IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DOMINIC REYNARD GALAZA,<br><br>    Plaintiff,<br><br>    v.<br><br>EMI MURAKAWA GALAZA;<br>HONOLULU POLICE DEPARTMENT,<br><br>    Defendants. | Case No. 22-cv-00518-DKW-WRP<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE**[1] |

On December 15, 2022, Dominic Reynard Galaza, proceeding *pro se*, filed a Complaint against Emi Murakawa Galaza and the Honolulu Police Department for alleged violations of his civil rights. Dkt. No. 1. Galaza also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

On January 11, 2023, the Court denied Galaza's IFP application because it did not provide adequate information to properly assess his ability to pay the filing fee for this case. The Court further explained that, if Galaza decided to continue with this action, he must file a complete and legible IFP application by January 31, 2023. In addition, the Court forewarned that, should Galaza fail to file a new IFP

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

Application or pay the filing fee, this case could be dismissed without further consideration of the merits of the Complaint. Three weeks after the January 31, 2023 deadline, however, no additional IFP application has been received by the Court, as instructed.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)   Before dismissing such an action, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260-61).   Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

First, Galaza's failure to comply with the January 11, 2023 Order hinders resolution of this case on the merits, and, thus, the public's interest in expeditious resolution of litigation. As such, this factor favors dismissal. *See Yourish v.*

*California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Galaza's failure to comply with the January 11, 2023 Order hinders this Court's ability to manage its docket. Simply put, this Court cannot manage its docket if litigants, like Galaza, fail to timely follow clear instructions, such as the need to file a complete application to proceed *in forma pauperis* or pay the civil filing fee. As such, this factor favors dismissal.

Third, the risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Here, Galaza has offered no discernible excuse or explanation for the failure to comply with the January 11, 2023 Order. When a party offers a poor excuse for failing to comply with a court's order (or, in this case, no excuse), the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. As a result, this factor favors dismissal.[2]

---

[2] The docket reflects the possibility that Galaza did not receive the Court's January 11, 2023 order and was thus not aware of the deadlines set by the Court. *See* Dkt. No. 6 (mail returned as undeliverable). Nonetheless, it is a self-represented litigant's responsibility to provide a valid address for service and to update that address throughout the pendency of litigation. LR83.1(e). The address used by the Court for service of the January 2023 order is the address provided by Galaza in the Complaint. No address update has been provided. Thus, if the address used by the Court was deficient, that deficiency is attributed to Galaza and affords him no excuse for failing to comply with Court instructions.

Fourth, the Court attempted to avoid a less drastic alternative to dismissing this case. Specifically, Galaza was provided with an opportunity to file a new application to proceed in district court without pre-paying fees or costs, provided guidance on how to do so, and warned that failure to comply within the time allowed may result in dismissal of this action. Galaza, though, has not availed himself of this opportunity. Thus, the only alternative would be to allow the case to proceed without a filing fee or *in forma pauperis* status having been met. The Court declines to do that. As a result, this factor favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining that less drastic alternatives were considered, including warning the plaintiff that failure to comply would result in dismissal).

Finally, because public policy favors the disposition of cases on their merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. The Court notes, though, that dismissal here is without prejudice.

In summary, with four of the five factors favoring dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the January 11, 2023 Order. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (concluding that, when the other factors favor dismissal, they are not outweighed by the public policy in favor of resolving a case on the merits); *see*

*also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) (explaining that "dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk is instructed to enter Judgment and then CLOSE this case.

IT IS SO ORDERED.

Dated: February 27, 2023 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

*Dominic Reynard Galaza vs. Emi Murakawa Galaza, et al;* Civil No. 22-00518 DKW-WRP;
**ORDER DISMISSING CASE WITHOUT PREJUDICE**